**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-02648-REB-KLM

DAVID LESTER, PH.D.,

    Plaintiff,

v.

GENE EXPRESS, INC.,

    Defendant and Counterclaimant,

    and

ALFRED C. POLLOCK, III,
NIKOLAOS V. LAZARIDIS, PH.D., and
GERALD J. VARDZEL, JR.,

    Defendants.

## ORDER GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion for Partial Summary Judgment Seeking Dismissal of Plaintiff's Second, Third and Fourth Claims for Relief Pursuant To FED. R. CIV. P. 56** [#14][1] filed January 20, 2010; and (2) **Defendants' Motion To Partially Dismiss Plaintiff's First Claim for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#15] filed January 20, 2010. The plaintiff filed a response to the motion for summary judgment [#37], and the defendants filed a reply [#42]. The plaintiff did not file a response to the motion to dismiss. I grant both motions.

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under § 1332 (diversity).

## II. FACTS

The material facts relevant to the motion for summary judgment are not disputed. Rather, the parties dispute how the law applies to the undisputed facts. Defendant Gene Express, Inc., is a Colorado Corporation. Gene Express is engaged in the business of creating and developing ideas, processes, methods, and other technology for the measurement of gene expression and for the creation, development, manufacture and sale of medical, research, diagnostic and other products and services. In August 2007, the plaintiff, David Lester, Ph.D., signed an employment agreement with Gene Express. *Motion for summary judgment* [#14], Exhibit A-1 (Employment Agreement). Lester was hired as a Senior Vice President "to provide executive, managerial and/or professional services for [Gene Express]," and his major responsibilities included working with others at Gene Express to develop and implement Gene Express's "strategic direction" and to execute the "business and strategic plans" of the company. *Amended complaint* [#9], ¶ 9, *Employment Agreement*, ¶ C and Attachment A-1. Under the terms of the agreement, Lester was to be paid 185,000 dollars per year. Between January 1, 2008, and July 31, 2008, Lester was paid 86,250.01 dollars by Gene Express, an underpayment of 21,666.68. Lester alleges that he fully performed his duties and responsibilities under the agreement until at least January 1, 2009. *Amended complaint*, ¶ 14. He alleges that he has not received any payments of the salary due to him under the agreement since July 2008. *Id.*, ¶ 12.

Lester often worked from his home in New Jersey while he worked for Gene

Express. Around August 1, 2008, Lester moved to Pennsylvania, and he often worked from his Pennsylvania home while working for Gene Express. Lester resided in Pennsylvania for the duration of his employment with Gene Express. Lester often traveled to various places in the United States as part of his employment with Gene Express.

The Employment Agreement contains a forum selection clause that provides that "(t)he parties agree that the state courts of Colorado and the federal courts sitting in Colorado shall have jurisdiction over the interpretation and enforcement of this Agreement." *Employment Agreement*, ¶ 15. The Employment Agreement contains also a choice of law clause , which provides that the "Laws of the State of Colorado, exclusive of its conflict of laws provisions, shall govern the validity and interpretation of this Agreement and the performance by the parties of their respective duties and obligations under this Agreement." *Id.*, ¶ 12.

Lester asserts five claims for relief in his complaint. First, he asserts a claim against all named defendants under the Colorado Wage Act. Second, he asserts a claim against all named defendants under the "New Jersey Wage Collection Law." *Amended compliant* [#9], ¶ 30. Third, he asserts a claim against all named defendants under the Pennsylvania Wage Protection and Collection Law. Fourth, he asserts a claim against all named defendants under the Fair Labor Standards Act (FLSA). Fifth, he asserts a claim for breach of contract against Gene Express.

In their motion for summary judgment, the defendants argue that they are entitled to summary judgment on the plaintiff's second, third, and fourth claims for relief. I agree.

In their motion to dismiss, the defendants seek dismissal of the plaintiff's first claim for relief to the extent that claim is asserted against the individual defendants. In addition, the defendants seek dismissal of the first claim for relief as to any claim by the plaintiff to recover severance pay and reimbursement for travel and health care expenses.

### III. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326

(10th Cir.), ***cert. denied***, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 528 U.S. 933 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### IV. SUMMARY JUDGMENT ANALYSIS

#### A. Applicability of New Jersey & Pennsylvania Law

The defendants argue that the choice of law provision in the employment agreement is valid and enforceable. The choice of law provision mandates the application of Colorado law to any dispute under the Employment Agreement. If the Employment Agreement mandates the application of Colorado law, then Lester cannot assert claims under New Jersey and Pennsylvania law in an effort to enforce the terms of the agreement. Lester argues that under Colorado's choice of law principles, Colorado law is not applicable, despite the terms of the Employment Agreement.

To resolve this question, I must apply Colorado's choice of law principles.

> A federal court in a diversity case must apply the choice of law principles of the forum state. ***Klaxon Co. v. Stentor Electric Mfg. Co.***, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Thus, we must follow Colorado law, which resolves conflicts under the principles set forth in Restatement (Second) of Conflict of Laws §§ 6 and 188 (1971) (the Restatement ).

***Dresser Industries, Inc. v. Sandvick***, 732 F.2d 783, 785 (10th Cir. 1984). Under § 187(2) of the Restatement, the law of the state chosen by the parties will be applied unless the plaintiff can demonstrate that a) the state chosen has no substantial relationship to the parties or the transaction, or there is no other reasonable basis for

5

the parties' choice; or b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties. ***Restatement (Second) of Conflict of Laws***, § 187(2).

Lester contendss that the application of Colorado law in this case would be contrary to the fundamental policies of both New Jersey and Pennsylvania, arguing that those states have a materially greater interest in the particular issues presented by this case and that the law of one or both of those states would be applicable in the absence of the choice of law provision in the Employment Agreement. Lester notes that Colorado law does not permit the collection of unpaid wages from individual officers and agents of the employer. In his amended complaint, Lester seeks to collect unpaid wages from individual officers and agents of Gene Express. On the other hand, New Jersey and Pennsylvania law permit the collection of unpaid wages from officers of a corporation.

These differences between Colorado law, on one hand, and the law of New Jersey and Pennsylvania, on the other hand, do not show that Colorado law is contrary to the fundamental policies of New Jersey and Pennsylvania. "(M)erely not recognizing a claim or theory of recovery is not a substantial conflict which warrants a court's rejection of a contractually designated choice of law." ***Hansen v. GAB Business Services, Inc.***, 876 P.2d 112, 113 (Colo. App. 1994). Further, having reviewed the plaintiff's response [#37], I conclude that the plaintiff has not shown that either New

Jersey or Pennsylvania have a materially greater interest than Colorado in the determination of the issues presented in the plaintiff's amended complaint.

Neither the law of New Jersey nor the law of Pennsylvania is applicable to this case. The plaintiff asserts his second claim for relief under New Jersey law and his third claim for relief under Pennsylvania law. Viewing the undisputed facts in the record in the light most favorable to the plaintiff, the defendants are entitled to summary judgment on the plaintiff's second or third claims for relief because these claims are asserted under laws that are not applicable to this case.

### B. Applicability of Fair Labor Standards Act

The defendants argue that the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219, is not applicable to the plaintiff's claims. "(A)ny employee employed in a bona fide executive, administrative, or professional capacity" is exempt for coverage under the FLSA. 29 U.S.C. § 213(a)(1). To show that the Lester was employed as a bona fide professional, and, thus, is exempt from coverage by the FLSA, the defendants must show that Lester was paid on a salary basis at a rate of not less than 455 dollars per week and that his "primary duty [wa]s the performance of work . . . (r)equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. 541.300(a). The relevant advanced knowledge also can be advanced knowledge attained through a combination of work experience and intellectual instruction. 29 C.F.R. 541.301(d).

Lester argues that this exemption does not apply to him because he was paid nothing by Gene Express for a period of months while he still was working for Gene Express. I disagree. The Employment Agreement provided for Lester to be paid

7

185,000 dollars per year, well above the applicable payment threshold. Lester alleges that between January 1, 2008, and July 31, 2008, he was paid 86,250.01 dollars by Gene Express, also well above the applicable threshold. Under these circumstances, the fact that Gene Express allegedly failed to pay Lester for a period of time does not exclude him from the exemption of 29 U.S.C. § 213(a)(1).

Lester argues also that he was not performing work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. He notes that his doctorate degree is not in a field directly relevant to Gene Express's work. Lester asserts in his response [#37] that he learned how to do his job for Gene Express from his prior business experience working for Pfizer, Inc. From July 2003, through July, 2007, Lester was employed by Pfizer, Inc., as Senior Director and New York Site Head of Clinical Technologies, Research and Development. *Response* [#37], Exhibit A (Lester Affidavit), ¶ 5. As Senior Vice President for Gene Express, Lester sought to identify possible partners who would work with Gene Express in development of diagnostic tests, tried to identify new deals with pharmaceutical companies, and worked on establishing new licensing opportunities for new tests. *Id.*, ¶ 23. Lester also helped to develop presentations for investors and potential partners, and made presentations of Gene Express's technologies at scientific meetings. *Id.* This work involves Lester's use of advanced knowledge attained through a combination of work experience and intellectual instruction. On this element, Lester also fits the FLSA exemption stated in 29 U.S.C. § 213(a)(1).

The FLSA is not applicable to Lester's employment with Gene Express. Viewing

8

the undisputed facts in the record in the light most favorable to the plaintiff, the defendants are entitled to summary judgment on the plaintiff's claim under the FLSA because this claim is asserted under a statutory scheme that is not applicable to this case.

### C. Conclusion

Viewing the undisputed facts in the record in the light most favorable to Lester, no reasonable fact finder could find for Lester on his claims under New Jersey law, Pennsylvania law, and the FLSA. The law of these two states and the FLSA is not applicable to this case. The defendants' motion for summary judgment is granted.

## V. MOTION TO DISMISS STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

9

*these* claims." ***Id.*** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted)).

## VI. MOTION TO DISMISS ANALYSIS

In his first claim for relief, Lester asserts a claim against Gene Express, Inc., and the three individual defendants, Alfred Pollock, Nikolaos Lazaridis, and Gerald Vardzel, under the Colorado Wage Act, §§8-4-101 through 8-4-123, C.R.S. In his amended complaint [#9], Lester alleges that the three individual defendants each are officers of Gene Express, Inc.

As the defendants note in their motion to dismiss, the Colorado Supreme Court has held that "under Colorado's Wage Claim Act, the officers and agents of a

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

corporation are not jointly and severally liable for payment of employee wages and other compensation the corporation owes to its employees under [an] employment contract and the Colorado Wage Claim Act." **Leonard v. McMorris**, 63 P.3d 323, 325 (Colo. 2003). This law demonstrates conclusively that Lester's allegations against the three individual defendants in his first claim for relief do not state a claim on which relief can be granted. The defendants' motion to dismiss is granted to the extent Lester brings his first claim for relief against the individual defendants.

The defendants argue also that Lester's first claim for relief must be dismissed to the extent he seeks recovery of severance pay and reimbursement for travel expenses and health care costs. The Colorado Wage Claim Act provides for recovery of wages or compensation earned by employees. §8-4-103(1)(a), C.R.S. The defendants argue that reimbursement for travel expenses and health care costs may not be recovered as wages or compensation under the Act. In relevant part, the Act defines wages or compensation as

> All amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculating the same or whether the labor or service is performed under contract, subcontract, partnership, subpartnership, station plan, or other agreement for the performance of labor or service if the labor or service to be paid for is performed personally by the person demanding payment. No amount is considered to be wages or compensation until such amount is earned, vested, and determinable, at which time such amount shall be payable to the employee pursuant to this article.

§8-4-101(8)(a)(I), C.R.S. Absent contrary authority, I conclude that reimbursement for travel expenses and health care costs can be construed reasonably as amounts due for labor or service performed by an employee. To the extent the defendants seek

11

dismissal of Lester's first claim for relief because Lester seeks to recover reimbursement due to Lester for travel expenses and health care costs, the defendants' motion to dismiss is denied.

Severance pay is not included within the definition of wages and compensation under the Colorado Wage Claim Act. §8-4-101(8)(b), C.R.S. Lester's allegation that he is owed severance pay by Gene Express does not state a claim on which relief can be granted under the Colorado Wage Claim Act. The defendants' motion to dismiss is granted to the extent Lester seeks to recover severance pay in his first claim for relief.

## VII. CONCLUSION AND ORDERS

For the reasons detailed above, the defendants are entitled to summary judgment on the plaintiff's second, third, and fourth claims for relief, and those claims are dismissed in their entirely. The defendants are entitled to dismissal of the plaintiff's first claim for relief to the extent the plaintiff asserts claims against defendants Alfred Pollock, Nikolaos Lazaridis, and Gerald Vardzel. The defendants are entitled to dismissal also of the plaintiff's first claim for relief to the extent Lester seeks to recover severance pay in his first claim for relief. On the other hand, the defendants are not entitled to dismissal of Lester's first claim for relief to the extent Lester seeks to recover reimbursement for travel expenses and health care costs in his first claim for relief.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Partial Summary Judgment Seeking Dismissal of Plaintiff's Second, Third and Fourth Claims for Relief Pursuant To FED. R. CIV. P. 56** [#14] filed January 20, 2010, is **GRANTED**;

2. That the plaintiff's second, third, and fourth claims for relief, as alleged in his amended complaint [#9], are **DISMISSED WITH PREJUDICE**;

3. That the **Defendants' Motion To Partially Dismiss Plaintiff's First Claim for Relief Pursuant To F**ED**. R. C**IV**. P. 12(b)(6)** [#15] filed January 20, 2010, is **GRANTED** in part;

4. That under F$_{ED}$. R. C$_{IV}$. P. 12(b)(6), the plaintiff's first claim for relief, as alleged in his amended complaint [#9], is **DISMISSED WITH PREJUDICE** as to defendants, Alfred C. Pollock, III, Nikolaos V. Lazaridis, Ph.d., and Gerald J. Vardzel, Jr.;

5. That under F$_{ED}$. R. C$_{IV}$. P. 12(b)(6), the plaintiff's first claim for relief, as alleged in his amended complaint [#9], is **DISMISSED WITH PREJUDICE** to the extent the plaintiff seeks to recover severance pay in his first claim for relief;

6. That otherwise the **Defendants' Motion To Partially Dismiss Plaintiff's First Claim for Relief Pursuant To F**ED**. R. C**IV**. P. 12(b)(6)** [#15] filed January 20, 2010, is **DENIED**; and

7. That because all claims asserted by the plaintiff against defendants, Alfred C. Pollock, III, Nikolaos V. Lazaridis, Ph.d., and Gerald J. Vardzel, Jr., have been resolved, those defendants are **DROPPED** from this action, and the caption of this case shall be **AMENDED** accordingly.

Dated September 27, 2010, at Denver, Colorado.

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge