IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02648-REB-KLM

DAVID LESTER, PH.D.,

    Plaintiff,

v.

GENE EXPRESS, INC.,

    Defendant and Counterclaimant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

**Blackburn, J.**

This matter is before me on the **Motion by Defendants and Counterclaimant To Compel Arbitration** [#17][1] filed January 21, 2010. The plaintiff filed a response [#30], and the defendants filed a reply [#34]. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case under § 1332 (diversity).

### II. FACTS

In an order issued concurrently with this order, I dismissed the plaintiff's second, third, and fourth claims for relief. In addition, I dismissed the plaintiff's first claim for relief to the extent that claim is asserted against the three individual defendants, Alfred C. Pollock, III, Nikolaos V. Lazaridis, Ph.d., and Gerald J. Vardzel, Jr. All of the claims against the three individual defendants have been dismissed and the three individual

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

defendants have been dropped from this action.  The remaining claims are (1) the plaintiff's first claim for relief, a claim against Gene Express, Inc., under the Colorado Wage Act, §§8-4-101 through 8-4-123, C.R.S.; and (2) the plaintiff's fifth claim for relief, a claim for breach of contract against Gene Express, Inc.

The contract at issue is an employment agreement under which the plaintiff, David Lester, was employed by the sole remaining defendant, Gene Express, Inc. *Motion for summary judgment* [#14], Exhibit A-1 (Employment Agreement).  Lester alleges that he fully performed his duties and responsibilities under the agreement until at least January 1, 2009.  *Amended complaint* [#9], ¶ 14.  He alleges that he has not received any payments of the salary due to him under the agreement since July, 2008.  *Id.*, ¶ 12.  Lester seeks judgment against the defendant for the amounts Lester contends are due him under the Employment Agreement.

The Employment Agreement contains an arbitration clause that provides, with limited exceptions not applicable to this case, as follows:

> All matters relating to the interpretation or enforcement of this Agreement . . . shall be resolved by binding arbitration with a single arbitrator under the then-rules and procedures of J.A.M.S. for the resolution of employment disputes.

*Employment Agreement*, ¶ 20.  The defendant seeks to compel the plaintiff to resolve this case in arbitration, as required by the Employment Agreement.

### III.  STANDARD OF REVIEW

The decision whether to enforce an arbitration agreement involves a bipartite analysis.  First, I must determine whether the parties agreed to arbitrate the dispute. **Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth**, 473 U.S. 614, 626 (1985); **Williams v. Imhoff**, 203 F.3d 758, 764 (10th Cir. 2000).  Second, I must consider

2

whether any statute or policy renders the claims non-arbitrable. ***Mitsubishi***,105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764. Federal policy strongly favors the arbitration of disputes, and, therefore, agreements to arbitrate should be construed liberally. ***Moses H. Cone Memorial Hospital v. Mercury Construction Corp.***, 460 U.S. 1, 23 n.27 (1983).

### IV. ANALYSIS

Paragraph 20 of the Employment Agreement constitutes an agreement to arbitrate. The broad language of the arbitration provision encompasses plainly the claims asserted by Lester in this case. ***See P & P Industries, Inc. v. Sutter Corp.***, 179 F.3d 861, 871 (10th Cir. 1999) ("[T]he strong presumption in favor of arbitrability . . . applies with even greater force when such a broad arbitration clause is at issue.") (citation and internal quotation marks omitted). In his response [#30] to the motion to compel arbitration, Lester argues that it would be unconscionable to compel him to arbitrate this dispute because of the high costs he would be required to bear under the applicable rules and procedures of JAMS. The defendant notes that the applicable rules of JAMS provide that "if an arbitration is based on a clause or agreement that is required as a condition of employment, the only fee that an employee may be required to pay is the initial JAMS Case Management Fee." *Response* [#30], Exhibit B (JAMS Rules), Rule 31(c). According to the declaration of Lester's counsel, that fee is 400 dollars. *Response*, Exhibit C, ¶ 7.

Even crediting all of the factual assertions described in Lester's response [#30], I conclude that it is not unconscionable to require Lester to pay the JAMS Case Management Fee of 400 dollars in light of the fact that, under the applicable rules, he may not be required additional fees in order to proceed to arbitration. Because the

3

Case Management Fee is not unconscionable, I conclude that the arbitration provision of the Employment Agreement must be enforced and that Lester's suit against the defendant must be stayed pending arbitration. *See Armijo v. Prudential Insurance Co. of America*, 72 F.3d 793, 797 (10th Cir. 1995).

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion by Defendants and Counterclaimant To Compel Arbitration** [#17] filed January 21, 2010, is **GRANTED**;

2. That the plaintiff, David Lester, and the defendant, Gene Express, Inc., are **ORDERED** to proceed to arbitration of plaintiff's claims against the defendant;

3. That prosecution of plaintiff's claims against the defendant in this action is **STAYED** pending completion of arbitration;

4. That under **D.C.COLO.LCivR 41.2**, this case is **CLOSED ADMINISTRATIVELY**, subject to reopening for good cause shown by one or both of the parties; and

5. That under **D.C.COLO.LCivR 41.2**, the Clerk of the Court is **DIRECTED** to close this case administratively, subject to reopening for good cause.

Dated September 27, 2010, at Denver, Colorado.

                                                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge